NOT FOR PUBLICATION (Doc. No. 48)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ALAN HAZELL, et al.            :
                               :
           Plaintiffs,         :
                               :   Civil No. 10-4275 (RBK/JS)
        v.                     :
                               :   **OPINION**
OTT'S TAVERN,                  :
EDDIE B. PLUMBING, INC., et al.:
                               :
           Defendants.         :

**KUGLER**, United States District Judge:

Alan and Renata Hazell bring this lawsuit against Eddie B. Plumbing, Inc., et al. ("Defendant"), under a claim of negligence. Alan Hazell ("Plaintiff") argues that, on February 11, 2010, he was injured as a result of Defendant's negligence, when he fell and suffered injury outside of Ott's Tavern. Defendant has moved for summary judgment as to the negligence count in Plaintiff's Complaint, denying any liability in the present matter. As is explained below, because factual disputes as to material issues remain in this matter, the Court denies summary judgment for the Defendant.

I.  BACKGROUND

On the evening of February 11, 2010, Plaintiff visited Ott's Tavern to attend a dinner for a co-worker's retirement. Pl. Opp'n Br. to Def. Summ. J. Mot., 1. Because there was snow on the walkway/ramp from the snowfall the previous night, Plaintiff entered the building through the rear entrance. Id. While walking to the rear entrance, Plaintiff noticed "some wet areas" in the

parking lot. Id. at 2. The parking lot was full with cars lined up along the building and outside of the perimeter of the parking lot. Id.

In his deposition, Plaintiff stated that when he left Ott's Tavern for the night, the parking lot seemed dark because the outside perimeter lights were not illuminating the area leading to Plaintiff's parking spot. Pl. Dep., 43-44. As he walked through the parking lot, Plaintiff slipped and fell to the pavement onto his left side, fracturing his left humerus. Pl. Opp'n Br. to Def. Summ. J. Mot., 2. Plaintiff stated that he noticed "dark wet areas" on the pavement where he fell, which led to a pile of snow located up against the wall of the building. Pl. Dep., 32-25. All of Ott's witnesses claim that they have no recollection of the events relating to the snow removal at the time in question. Pl. Opp'n Br. to Def. Summ. J. Mot., 2. However, the insurance investigation report indicates that the leftover piles of snow in the parking lot had been melting and refreezing since the snowfall. Id.

Defendant Eddie B. Plumbing was hired, pursuant to a verbal agreement with Ott's Tavern, to plow the parking lot in times after snowfall. Bishop Dep., 7-8. In his deposition, Defendant's employee, Edwin Bishop, stated that he would plow the snow on the outside perimeter of the parking lot. Id. at 9. However, there were areas that he would not plow near the building because it was impossible to reach them with the plow. Id.

Defendant and Ott's Tavern have both conceded that some leftover snow would remain in the parking lot after Defendant's job was completed. Id. at 28-29. Plaintiff argues that the responsibility for salting the icy areas in the parking lot, after the plowing had been completed, fell on Ott's Tavern. Pl. Opp'n Br. to Def. Summ. J. Mot., 2. Indeed, Todd Bigley ("T. Bigley"), a manager at Ott's Tavern, stated in his deposition he had an essential duty of ice and snow remediation in the parking during nighttime hours. T. Bigley Dep., at 20-29. Furthermore, T.

2

Bigley stated that Ott's Tavern had a system in place wherein Bigley would do periodic check-ups for ice and snow throughout the workday. Id. However, this would mostly consist of checking pathways and the entrances to Ott's Tavern. Id. According to Plaintiff, the only salted areas he noticed were the deck steps and pavement adjacent to them. Pl. Opp'n Br. to Def. Summ. J. Mot., 3.

According to the management of Ott's Tavern, Defendant's sole duty was to plow the parking lot, leaving any salting, shoveling, and check-ups to the staff. Id. However, Plaintiff asserts that Ricardo Prates ("Prates"), a dishwasher at Ott's, stated that he noticed that employees from Eddie B. Plumbing would routinely shovel and salt areas of snow they could not reach with snowplows. Prates Dep., Pl. Opp'n Br., Ex. H, 66-67. Defendant, counters that he breached no duty to the Plaintiff by failing to shovel areas with residual snow, because he completed his responsibilities pursuant to the oral agreement with Ott's Tavern. Def. Br. in Supp. of Summ. J., 8. Accordingly, Defendant argues that the duty of keeping the parking lot safe for visiting customers shifted to Ott's Tavern after Defendant finished plowing the snow. Id. Defendant points to the depositions of Ott's Owner Donald Bigley ("D. Bigley") and General Manager Vincent D'Ippolito ("D'Ippolito"), which clearly state that Defendant was only responsible to plow the parking lot and nothing else further in services pursuant to the oral agreement present. Id. Thus, Defendant claims, Plaintiff's evidence, specifically with regard to the deposition of Prates, is merely Plaintiff "creat(ing) a dispute of fact where simply one does not exist." Def. Rep. Br. in Further Supp. of Summ. J., 4.

Defendant stated that he plows the parking lot by pushing snow away from the building into the parking lot with his snowplow. Def. Br. in Supp. of Summ. J., 8. He continues this process until the snow is off the property. Id. In both of their interviews, D. Bigley and

D'Ippolito claim that any remaining snow from the plowing would be manually cleared by Prates or any other Ott's employee, with the salt and shovels that are kept on the premises. Id. at 9. Prates and D'Ippolito stated they never saw piles of snow anywhere near the building or deck after Defendant completed his plowing. Id. After Defendant completed his plowing job, employees of Ott's would have a system in place where they would be in charge of salting any freezing snow areas that are frequently traveled by visiting customers. Id. This would take place periodically throughout the workday, about every 35 to 45 minutes. Id. Ott's never made any complaints in respect to the snowplowing job Defendant performed on numerous occasions. Id.

Due to the large accumulation of snow, Defendant plowed the Ott's parking lot twice on February 10, 2010. Id. Plaintiff's injury occurred the following night, when he slipped on ice around 8:00 pm. Pl. Dep., at 75-76. Defendant states that he has no duty to return to job sites, unless asked, and in this case there was no additional snow accumulation or precipitation that fell after he completed his job on February 10, 2010. Bishop Dep., 22. Defendant points to Plaintiff's own expert, who attributed the ice Plaintiff fell on to the thawing and refreezing of snow along the edge of the building. Def. Br. in Supp. of Summ. J., Ex. I, 7-8. The expert also opined that the parking lot surface had deteriorated badly, allowing water to freeze in its cracks along the pathways where customers would frequently walk. Id. Thus, Defendant Eddie B. Plumbing claims there is no dispute of fact that shows negligence in any way attributable to itself, because it was clearly the responsibility of Ott's to maintain the upkeep of its own parking lot, including the duties of shoveling, sanding, and salting. Def. Br. in Supp. of Summ. J., 10. Defendant also claims there is no dispute of fact that snow was piled next to or bordering the building structure since all parties stated that all the snow is plowed off the Ott's property. Id. Further, Ott's

representatives claim that any remaining snow near the building was taken care of by Ott's employees after plowing had been completed, along with the salting of any areas needed. Id.

Accordingly, Defendant claims there is no genuine issue of material fact as to his alleged negligence, due to the interviews of Ott's owner and manager, which stated that he was contracted to only perform snow plow removal and nothing else. Id.

## II. LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony.  Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F. Supp. 2d 572, 575 (D.N.J. 2008).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255. In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the fact finder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir.1992).

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial. See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267, 1275 n.17 (3d Cir. 1995).  The nonmoving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions

[or] conclusory allegations or suspicions" to establish the existence of a genuine issue of material fact. Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982) (citation omitted); see Fed. R. Civ. P. 56(e). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857-58 (3d Cir. 2000) (quoting Celotex Corp., 477 U.S. at 322).

## III. DISCUSSION

Defendant asserts that summary judgment should be granted because there is no genuine issue of material fact as to negligence on his part. Specifically, Defendant claims there is no genuine issue as to any material fact concerning the scope of his responsibility in plowing the parking lot at Ott's Tavern, and no evidence that proves a genuine issue as to his performance of that duty.

Plaintiff claims the Court should deny Defendant's motion for summary judgment primarily due to the genuine issue of disputed fact posed by the deposition of Prates. Furthermore, Plaintiff claims the snow plowing of Defendant, specifically with regard to the amount of leftover snow remaining, creates a genuine issue of disputed fact.

The lawsuit filed by Plaintiff alleges negligence on the part of the Defendant. Under New Jersey law, a finding of negligence requires (1) the existence of a duty; (2) defendant's breach of that duty; (3) a showing that the breach was the proximate cause of the plaintiff's harm; and (4) actual damages. See Weinberg v. Dinger, 106 N.J. 469, 524 A.2d 366, 373 (1987); Bennett v. Real Prop. Servs. Corp., 66 F.Supp.2d 607, 614 (D.N.J.1999). The Court notes that "New Jersey courts have demonstrated a strong reluctance to decide issues of common law negligence as a matter of law." Cordy v. Sherwin Williams Co., 975 F.Supp. 639, 645 (D.N.J.1997). In order for

this negligence claim to survive a motion for summary judgment, Plaintiff must show that Defendant has breached a standard of care involving his snow plowing duties and his injury was a result of that breach.

Prates' testimony creates a genuine issue of material fact as to the scope of Defendant's duty, and the standard of care owed by Defendant in performing its duty. Defendant argues that the Prates deposition should not preclude the granting of summary judgment, due to the "uncertainty" Prates had in making his statements about Defendant's snow plowing responsibility. However, the credibility of Prates' testimony is not an issue for this Court to decide. As mentioned above, when the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F. Supp. 2d 572, 575 (D.N.J. 2008). Credibility determinations are the province of the fact finder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d at 1363. Moreover, evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.

Because there is testimony by Prates, which contradicts the statements made by D. Bigley and D'Ippolito, on the subject of Defendant's scope of responsibility in removing snow from Ott's Tavern, the Court finds that a dispute of fact in evidence does exist concerning Plaintiff's injury. Furthermore, Defendant and Ott's Tavern conceded that after snow plowing was completed, such as on this occasion, there would obviously be snow left over in the parking lot.

Thus, the question in regard to whether there was negligence in Defendant's snow plowing, based upon the leftover snow in the parking lot on this certain occasion, is a question that needs to be addressed by the fact finder. The snow plowing responsibility of Defendant on

7

this occasion, coupled with the facts surrounding his actions on February 10, 2010, is a matter that should be decided upon by the appropriate fact finder, a jury.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is **DENIED**. An appropriate order shall enter today.


Dated: 7/19/2012                                                  /s/ Robert B. Kugler
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge

Case 1:10-cv-04275-RBK-JS   Document 52   Filed 07/19/12   Page 8 of 8 PageID: 513

8